**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ABDIKARIM ADAN OMAR,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| **MARY DE ANDA-YBARRA**, Field Office | § | |
| Director of Enforcement and Removal | § | |
| Operations, El Paso Field Office, | § | |
| Immigration and Customs Enforcement; | § | |
| **WARDEN** of ERO El Paso Camp East | § | **EP-26-CV-00267-DCG** |
| Montana; **TODD M. LYONS**, *in his official* | § | |
| *capacity* as Acting Director, Immigration and | § | |
| Customs Enforcement, U.S. Department of | § | |
| Homeland Security; **MARKWAYNE** | § | |
| **MULLIN**, *in his official capacity* as | § | |
| Secretary, U.S. Department of Homeland | § | |
| Security; and **TODD BLANCHE,** *in his* | § | |
| *official capacity* as Acting Attorney General | § | |
| of the United States; | § | |
| | § | |
| *Respondents*. | § | |

## ORDER REQUIRING RESPONDENTS TO PROVIDE STATUS UPDATE

Petitioner Abdikarim Adan Omar challenges Respondents' authority to continue detaining him while they facilitate his removal from the United States.[1]  Because this case relates to Petitioner's post-removal-order detention,[2] the Court must consider whether his removal is "significantly likely in the reasonably foreseeable future."[3]

---

[1] *See generally* Pet., ECF No. 1.

[2] *See generally id*.

[3] *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("[A]n alien may be held in confinement [after a removal order becomes final] until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

On February 23, 2026, Respondents advised the Court that Immigration and Customs Enforcement ("ICE") was "working to execute his removal order to a third country."[4] Respondents further advised the Court that ICE's Enforcement and Removal Operations ("ERO") division had "offered Petitioner the option of removal to Mexico, which he declined."[5] It's unclear, however, what progress (if any) Respondents have made towards removing Petitioner since their February 23, 2026 filing.

To meaningfully assess Petitioner's claims, the Court needs an update on whether and when Respondents plan to remove Petitioner from the country. The Court therefore **ORDERS** that, by **April 29, 2026**, Respondents must **ADVISE** the Court of:

(1) the specific country (if any) to which Respondents anticipate removing Petitioner;

(2) whether that country has agreed to accept Petitioner; and

(3) how long Respondents anticipate that it will take to effect Petitioner's removal to that country, including the specific steps that Respondents still need to take.

If Respondents contend that Petitioner has in some way thwarted Respondents' removal efforts, Respondents must explain the specific reason(s) for that contention. Petitioner may respond to any such contention that he has thwarted Respondents' removal efforts **within three days** of Respondents' filing.[6]

---

[4] Resp'ts' Resp., ECF No. 4, at 2.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[5] *Id.* at 3.

[6] *Cf.* FED. R. CIV. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

The Court further **DIRECTS** the Clerk of Court to **SUBSTITUTE** Acting U.S. Attorney General Todd Blanche in Former Attorney General Pamela Bondi's place as a named Respondent.[7]

The Court likewise **DIRECTS** the Clerk of Court to **SUBSTITUTE** Secretary Markwayne Mullin in Former Secretary Kristi Noem's place as a named Respondent.[8]

**So ORDERED and SIGNED this 24th day of April 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[7] *Compare* Pet. at 1, with FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").

[8] *See supra* note 8.