UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ABDIKARIM ADAN OMAR,** | § | |
| | § | |
| *Petitioner*, | § | |
| v. | § | |
| | § | |
| **MARY DE ANDA-YBARRA,** *in her* | § | |
| *official capacity as* Field Office Director of | § | |
| Enforcement and Removal Operations, El | § | |
| Paso Field Office, Immigration and Customs | § | |
| Enforcement; **WARDEN** of ERO El Paso | § | |
| Camp East Montana, *in their official* | § | **EP-26-CV-00267-DCG** |
| *capacity*; **DAVID A. VENTURELLA,** *in his* | § | |
| *official capacity* as Senior Official | § | |
| Performing the Duties of the Director of ICE; | § | |
| **MARKWAYNE MULLIN,** *in his official* | § | |
| *capacity* as Secretary, U.S. Department of | § | |
| Homeland Security; **and TODD** | § | |
| **BLANCHE,** *in his official capacity* as | § | |
| Acting Attorney General of the United States, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER CLOSING CASE

Pursuant to the parties' "Stipulation of Voluntary Dismissal Without Prejudice" (ECF No. 17), the Court **DISMISSES** the above-captioned case **WITHOUT PREJUDICE**.

The Court thereby **DISSOLVES** its "Order Temporarily Restraining Respondents from Removing Petitioner" (ECF No. 12).

Because Respondent Todd M. Lyons no longer holds the position of Acting Director of Immigration and Customs Enforcement ("ICE"), the Court **SUBSTITUTES** David J. Venturella,

Senior Official Performing the Duties of the Director of ICE, in Former Acting Director Lyons'

place as a named Respondent in this case.[1]

Finally, the Court **CLOSES** the case.

**So ORDERED and SIGNED this 5th day of June 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[1] *Compare* Pet., ECF No. 1, at 1, *with* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name . . . .  The court may order substitution at any time . . . .").